ELLIS, Judge.
This is a suit by Loquita Smith for damages for personal injuries allegedly suffered *1262 when she fell in the parking lot at Wilson’s Jewelers and Distributors in Baton Rouge. The case was tried on its merits before a jury, which found that plaintiff was guilty of contributory negligence. Pursuant thereto, a judgment was rendered, dismissing plaintiff’s suit, and she has appealed.
The record shows that plaintiff was employed by Vinson’s Guard Service as a security guard, and was assigned to the parking lot on the west side of Wilson’s store on Florida Boulevard. She worked in this capacity for about two months prior to the accident which is the subject hereof. During this time, she patrolled the 60 foot by 300 foot parking lot on foot, by day and by night, for 50 to 60 hours per week.
Mrs. Smith testified that on the night of the accident, while walking across the parking lot with a friend, she tripped over a board which protruded from a joint in the concrete slab about an inch above the surrounding surface. She and her friend, Shirley Moore, both testified that they saw the board by the light of a flashlight carried by Mrs. Smith, immediately after the accident.
Neither Mrs. Smith nor Miss Moore were able to identify the site of the accident. Mrs. Smith’s testimony at the trial of the case was different in a number of important respects from that given in the pre-trial deposition. These included the location of the board, the direction in which she was walking, how fast she was walking, and where Miss Moore was when she fell. She testified that it was dark where she fell, although it was established by expert testimony that the floodlights on the side of the building made it bright enough to read a newspaper in the general area where plaintiff said the accident happened.
None of the other witnesses ever saw the board over which plaintiff claimed to trip, including the construction people who had poured the concrete originally, who were doing other concrete work in the vicinity, and who were walking through the west parking lot on a daily basis around the date that plaintiff fell.
The jury, after receiving their instructions, was given a series of interrogatories to answer, and were instructed inter alia, that, if they found Mrs. Smith to be con-tributorily negligent, they did not have to answer any of the other interrogatories. Since they made that finding they made no findings relative to the negligence of the various defendants.
In this court, plaintiff complains that the instructions given the jury were deficient in a number of respects. We need not consider these assignments of error in detail, since, in our opinion, the result reached by the jury was correct, regardless of any alleged error by the trial judge.
We are of the opinion that a person who is familiar with an area, who traverses it many times daily, and who is charged with its security, must be deemed to observe any hazardous conditions which exist there. If such a person fails to avoid a hazard of which he is aware, and is injured thereby, he is guilty of negligence proximately causing his injury and is barred from recovery. Regardless of the merit of plaintiff’s case against the defendants, we are of the opinion that the record clearly demonstrates plaintiff’s own negligence in the above respects, and that she cannot recover.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.